**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| ZAP'S ELECTRIC, LLC, a foreign limited liability company,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>MONARCH CONSTRUCTION, LLC, a Nevada limited liability company,<br><br>　　　　　　　Defendant. | Case No. 3:19-CV-00603-CLB<br><br>**ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO DEMONSTRATE PROPER SUBJECT MATTER JURISDICTION** |

　　　　Plaintiff Zap's Electric, LLC ("Zap's") initiated this lawsuit on July 31, 2019, against Defendant Monarch Construction, LLC ("Monarch"). (ECF No. 1.) According to Zap's Complaint, subject matter jurisdiction exists in this case based upon diversity of citizenship between the parties and the amount in controversy "exceeds $75,000." (*Id*. at 1-2.) This case is set for trial on August 14, 2023. (ECF No. 106.) In preparation for the trial, the Court has reviewed several documents in this case. Based on that review, it is unclear if this Court has subject matter jurisdiction over this lawsuit.

　　　　"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). "If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Moreover, if subject matter jurisdiction is questionable or unclear, the court <u>must</u> raise the issue sua sponte. *Ruhrgas AG v. Marathon Oil Co*., 526 U.S. 574, 583 (1999) ("[S]ubject matter delineations must be policed by the courts on their own initiative even at the highest level.").

　　　　As noted above, subject matter jurisdiction in this case is predicated solely on the alleged complete diversity of the parties and the amount in controversy exceeding $75,000. (*See* ECF No. 1 at ¶¶ 1-3). Specifically, Zap's complaint alleges that, "Zap's is a foreign limited liability company headquartered in Rhode Island and doing business in

Clark County, Nevada" and that "each of Zap's members if a citizen of Rhode Island." (*Id*. at ¶ 1.) However, the complaint does not list or provide the names of its members/owners, nor does it provide any information related to their state of citizenship. The complaint then states, "[u]pon information and belief, Monarch is a Nevada limited liability company with its principal place of business in Nevada . . . none of Monarch's members is a citizen of Rhode Island." (*Id*. at ¶ 2.) Here again, the complaint does not list the members/owners of Monarch, nor does it provide information about their state of citizenship. Monarch's answer does not contest these paragraphs. (*See* ECF No. 8.) Rather, the answer simply states it admits that "Zap's is headquartered in Rhode Island," that "Brian Snow is a citizen of Rhode Island," and "that there is diversity." (*Id*. at ¶ 1.) However, the answer also does not provide any additional information about the members/owners of Zap's or Monarch, nor does it provide any information about their state of citizenship.

Pursuant to Ninth Circuit law, an LLC is a citizen of every state of which its owners/members are citizens. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Therefore, pursuant to Ninth Circuit law, if one of the members/owners of an LLC shares the same citizenship with the members of any adverse party (or, in this case, a member of the adverse LLC), diversity does not exist. In this case, neither the complaint nor the answer has provided any information about the members of either LLC or their citizenship. Without this information, it is unclear if complete diversity of citizenship exists and whether this Court has subject matter jurisdiction over this lawsuit.

Therefore, the parties shall show cause on or before **Monday, July 31, 2023**, why this Court should not dismiss this case for a lack of subject matter jurisdiction by providing the Court with the names of each member of Zap's and Monarch as well as the state of citizenship for each member.

**IT IS SO ORDERED.**

**DATED**: July 19, 2023.

**UNITED STATES MAGISTRATE JUDGE**